**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**UNITED STATES OF AMERICA,**

**v.**                                                      **5:25-CR-00592**

**ENRIQUE MENDEZ SANCHEZ,**

**O R D E R**

Before the Court is the United States of America's ("the Government") Appeal of Order Setting Bond, Motion for *De Novo* Detention Hearing, and Motion for Stay of Order Setting Bond. *ECF No. 15*. On December 18, 2025, the Court held a hearing ("the Hearing") on the Motion. Having considered the evidence submitted by the parties, the testimony of the witnesses, and the Magistrate Judge's Order, (*ECF No. 14)*, for the reasons below the Court DENIES the Motion.

**PROCEDURAL BACKGROUND**

The Government charged Defendant through a Criminal Complaint with Illegal Reentry in violation of 8 U.S.C. § 1326(a). *ECF No. 1*. The Magistrate Judge held a hearing on October 27, 2025, and ordered Defendant released with conditions. *See ECF No 15 at 13*; *see also* Min. Ent., Oct. 27, 2025. The Magistrate Judge stayed the order and the Government appealed to the District Judge for *de novo* review. *ECF Nos. 15, 16*. This Court held the Hearing on December 18, 2025. *See* Min. Ent., Dec. 18, 2025.

**LEGAL STANDARD**

**I.     The Bail Reform Act**

Under 18 U.S.C. § 3145(a)(1), the Government may file with the district court a motion to revoke a magistrate judge's order releasing a defendant pending trial. The district court reviews a motion to revoke a detention order de novo and "must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben¸* 974 F.2d 580, 585 (5th Cir. 1992). A District Court has discretion to "support what the magistrate has actually ordered with additional findings based on its independent consideration of the record before the magistrate and the additional evidence adduced before it." *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).

The Bail Reform Act, 18 U.S.C. § 3142, governs the release and detention of defendants awaiting trial. A judge may order a defendant detained pending trial based on a finding that the Government has established by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person," or by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e)(1), (2); *see also Rueben*, 974 F.2d at 586 ("For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required.").

Section 3142(g) of the act requires a court to consider the following factors in determining whether a person poses a flight risk or a danger to the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics, including, among other things, his family ties, length of residence in the community, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to

any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *see also United States v. Acosta-Leyva*, 751 F.App'x 594, 595 (5th Cir. 2019) (per curiam).

## ANALYSIS

### I.     Flight Risk

Regarding *de novo* review of flight risk, "the district court, making an independent determination, can order pretrial detention even though the magistrate has refused to do so." *Fortna*, 769 F.2d at 249. "Furthermore, neither the Bail Reform Act nor our caselaw requires a court to be absolutely certain that no possible non-detention option will prevent flight before determining that a defendant must remain in custody." *United States v. Stanford*, 341 F. App'x 979, 981–82 (5th Cir. 2009). As explained above, the standard for determining flight risk is preponderance of the evidence standard. *Fortna*, 769 F.2d at 250.

## CONCLUSION

Having considered the evidence submitted by the parties, the testimony of the witnesses, and the Magistrate Judge's Order, (*ECF No. 14)*, the Court **ORDERS** that Government's Appeal of Order Setting Bond, Motion for *De Novo* Detention Hearing, and Motion for Stay of Order Setting Bond, (*ECF No. 15*), is **DENIED**.

The Court further **ORDERS** that, upon *de novo* consideration, United States Magistrate Judge Farrer's Order Respecting Pretrial Release (*ECF No. 14*), and Order Setting Conditions of Release (*ECF No. 13*) are **ADOPTED** in full. The Court **REFERS** this matter to the Magistrate Judge to incorporate the following conditions: (1) impose an appropriate curfew in connection with the home incarceration and GPS location monitoring conditions. The Court appoints Estrellita Mendez as third-party custodian for a period of no longer than THIRTY DAYS. On or

before the expiration of THIRTY DAYS from the entry of this order, the Magistrate shall

appoint another suitable adult to serve as third-party custodian.

It is so ORDERED.
SIGNED this 18th day of December, 2025.


JASON  PULLIAM
UNITED STATES DISTRICT JUDGE